Mr. Bryant Garrett Vice President Orlando Sanford International Airport One Red Cleveland Boulevard, Suite 1200 Sanford, Florida 32773
Dear Mr. Garrett:
You have asked for my opinion on substantially the following question:
Is the Sanford Airport Authority authorized to create and operate its own law enforcement agency to perform law enforcement duties on airport property?
The Sanford Airport Authority was created in 1971 by Chapter 71-924, Laws of Florida, for the purpose of "the sound planning for, and development and maintenance of an airport for the City of Sanford and the territory included within the district[.]"[1] The authority is classified as a dependent district by the Florida Department of Community Affairs.[2]
The governing board for the authority is made up of between five and nine members who are appointed by the city commission of the City of Sanford and serve four-year terms.[3] The city commission of the City of Sanford is authorized to pay the expenses of the authority and the cost of carrying out the purposes of the act from the city's general fund.[4]
The city commission is authorized by Chapter 71-924, Laws of Florida, to levy an annual tax on all taxable real and personal property within the district for the operation and administration of the authority and for the "construction, operation, maintenance, enlargement, expansion, improvement or development of any project or projects herein specified."[5]
As recognized by the Legislature, the primary duty of the authority is "to make a study of the advantages, facilities, resources, products, attractions, conditions and all other data concerning the district with relation to the airport and air navigation needs, and for the development, construction, operation and maintenance of airports and related facilities, and the encouragement of industry to locate on the airport in the district; to use such means and media as the authority deems advisable to publicize and to make known such data and material to such persons, firms, corporations, agencies and institutions which, in the discretion of the authority, would reasonably result in encouraging industry to locate on and use the airport; to cooperate with any and all other governmental agencies in accomplishing this purpose and to do all other things it deems advisable in its effort to effectively maintain an airport and the location of industry thereon. The encouragement of the above-mentioned in the manner contemplated by this act is hereby declared to be a valid district, municipal and public purpose."[6]
Among the powers of the authority are the power of eminent domain,[7]
the power to enter into contracts,[8] the authority to establish rates, charges, and user fees for use of the airport and its facilities,[9] and the power to "employ . . . personnel as may be necessary for the economical and efficient management [of the airport.]"[10] Pursuant to the act, the airport authority may "select and appoint agents and employees . . . and . . . fix their compensation."[11] The act also provides that the Sanford Airport Authority has the power "[to] exercise the authority and powers provided for cities, counties, villages, or towns of Florida by chapter332, Florida Statutes, known as the Airport Law of 1945."[12]
The Airport Law of 1945, Chapter 322, Florida Statutes, expressly grants local governments substantial extraterritorial powers to establish and operate airports.[13] Section 332.08(2)(a), Florida Statutes, provides that a local government may "adopt and amend all needful rules, regulations, and ordinances for the management, government, and use of any properties under its control . . . to appoint airport guards orpolice, with full police powers; to fix by ordinance or resolution, as may be appropriate, penalties for the violation of said rules, regulations and ordinances, and enforce said penalties in the same manner in which penalties prescribed by other rules, regulations and ordinances of the municipality are enforced."
Thus, it is clear that governmental agencies authorized to utilize the provisions of the Airport Law of 1945 are given the power to create an airport law enforcement agency with full police powers.[14] The Sanford Airport Authority is granted this power by section 11(4)(f), Chapter 71-924, Laws of Florida.
In sum, it is my opinion that the Sanford Airport Authority is authorized by section 11(4)(f), Chapter 71-924, Laws of Florida, and section332.08(2)(a), Florida Statutes, to create its own airport guards or police with full police powers within the territorial limits of the airport authority district.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 3, Ch. 71-924, Laws of Florida.
[2] The 1998-1999 Official List of Special Districts, Florida Department of Community Affairs.
[3] Section 4, Ch. 71-924, Laws of Florida.
[4] Section 9, Ch. 71-924, Laws of Florida.
[5] Section 12(1), Ch. 71-924, Laws of Florida.
[6] Section 8, Ch. 71-924, Laws of Florida.
[7] Section 11(4)(a), Ch. 71-924, Laws of Florida. And see, s. 11(4), Ch. 71-924, Laws of Florida, which generally authorizes the airport authority to "acquire property, real and personal, for the purpose of establishing, constructing, enlarging, managing, and operating" airports and airport facilities.
[8] Section 11(3), Ch. 71-924, Laws of Florida.
[9] Section 11(4)(b), Ch. 71-924, Laws of Florida.
[10] Section 11(4)(d), Ch. 71-924, Laws of Florida.
[11] Section 11(5), Ch. 71-924, Laws of Florida.
[12] Section 11(4)(f), Ch. 71-924, Laws of Florida.
[13] See, Panama City Airport Board v. Laird, 90 So.2d 616 (Fla. 1956); Op. Att'y Gen. Fla. 82-38 (1982).
[14] Cf., Op. Att'y Gen. Fla. 84-46 (1984) discussing the authority of the Titusville-Cocoa Airport Authority to control traffic on access roads owned and maintained by the airport authority. No information was provided to this office indicating that the Legislature had made the Airport Law of 1945 applicable to the Titusville-Cocoa Airport Authority and the opinion does not consider the implications of section 332.08(2)(a), Florida Statutes.